Case 2:17-cv-00168   Document 12   Filed on 01/02/18 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
January 02, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JESSIE JAMES COPELAND, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-168 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ-CID) and currently is incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on May 10, 2017 (D.E. 1).[1] Petitioner claims that his Constitutional rights are being violated because he is confined in prison even though he has served his sentence and is entitled to release. Respondent filed a motion for summary judgment on August 31, 2017 (D.E. 11) to which Petitioner did not respond. For the reasons set forth below, it is recommended that Respondent's motion be granted and Petitioner's application for habeas corpus relief be denied.

## JURISDICTION

This court has jurisdiction over this action filed pursuant to 28 U.S.C. § 2241 because Petitioner is incarcerated at the McConnell Unit in Beeville, Bee County, Texas,

---

[1] A prisoner petition is considered filed when it is placed in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases. Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on May 10, 2017 and it is considered filed as of that date.

which is located in the Corpus Christi Division of the Southern District of Texas. *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

On March 12, 1979, Petitioner was convicted of burglary of a habitation in cause number 11,698-A, in the 188th District Court of Gregg County, Texas and sentenced to a ninety-nine year term of incarceration, with a sentence begin-date of December 18, 1978. The offense occurred on December 9, 1978 (Decl. of Charley Valdez, Ex. A to Mot. for Sum. Jmt., D.E. 11-1 at p. 3).[2] On October 3, 1986 Petitioner was released from custody on parole (*Id.*).

Petitioner was arrested on July 28, 1987 for violation of the terms of his parole and his parole was revoked on October 6, 1987.  Petitioner forfeited nine months and twenty-five days of "street time."  Petitioner received credit toward his sentence for the time he spent in jail from July 28, 1987 through October 6, 1987 (*Id.*).

In addition to the revocation of parole, Petitioner was charged with and convicted on two counts of aggravated robbery with a deadly weapon in cause number 16,100-A in the 188th District Court of Gregg County, Texas, for an offense that occurred on July 25, 1987.  Petitioner was sentenced to life imprisonment on the first count and to ninety-nine years on the second count.  Petitioner received 105 days of jail credit toward these sentences.  The sentences were to run cumulatively to the ninety-nine year sentence assessed in cause number 11,698-A (Valdez Decl., D.E. 11-1 at p. 4).

---

[2] For reasons which are unclear, Petitioner states that he was convicted of murder in cause number 11,698-A (D.E. 1 at p. 2).  There is no evidence in the record that Petitioner was convicted of murder.

While Petitioner was housed in TDCJ-CID at the Wynne Unit in Walker County, he was charged and convicted of aggravated assault on a correctional officer for an offense which occurred on March 28, 1990. He was convicted by the 278th Judicial District Court of Walker County on November 20, 1991 in cause number 16,089-C and assessed a twenty-five year sentence to run cumulatively to cause number 16,100-A, the aggravated robbery offense (Valdez Decl., D.E. 11-1 at p. 4).

In his complaint, Petitioner argues the following: (1) He has completed the ninety-nine year sentence in cause number 11,698-A and is thus not currently in Respondent's custody pursuant to a judgment of a state court. He argues that this excuses him from having to exhaust his state court remedies and also that he is not subject to the one-year statute of limitations under 28 U.S.C. § 2254; (2) He has no detainers pending and no warrant has been issued against him to justify his detention; (3) At the time he committed the offense in cause number 11,698-A, the Texas legislature had reduced all sentences of more than sixty years to a maximum of sixty years; (4) Petitioner's good time and flat time exceed his 60-year sentence and he should be released.

In Respondent's motion for summary judgment, she argues that Petitioner failed to exhaust his state court remedies and also that he is not entitled to the relief he seeks because there is no Constitutional right to release on parole in Texas. Respondent does not argue that the application is barred by limitations or because it is second or successive.

## APPLICABLE LAW

### A. Exhaustion

Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir.1995).  The exhaustion requirement "is not jurisdictional, but reflects the policy of federal-state comity, which is designed to give state courts the initial opportunity to consider and correct alleged violations of their prisoners' federal rights."  *Morris v. Dretke*, 413 F.3d 484, 490-91 (5th Cir. 2005)(citing *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003)).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254(b)(1)(B).  A petitioner may exhaust his state court remedies by filing either a petition for discretionary review or an application for habeas corpus relief with the Texas Court of Criminal Appeals.  *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

In this case, Petitioner has not presented his claim to the Texas Court of Criminal Appeals via an application for habeas corpus relief under Texas Code of Criminal Procedure art. 11.07 (Ex. C to Mot. for Sum. Jmt., D.E. 11-3).  Petitioner asserted in his petition that he is not required to exhaust his state court remedies because he has completed his original sentence and the State does not have authority to keep him

incarcerated. However, this argument is circular and conclusory and not supported by the record. Accordingly, it is recommended that a finding be made that Petitioner has not exhausted his state court remedies and his claim is subject to dismissal without prejudice for failure to exhaust.

Nevertheless, even when a claim is not exhausted, it may be denied on the merits. "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Because it is recommended below that Petitioner's cause of action be denied on the merits, it is not recommended that it be dismissed for failure to exhaust state court remedies.

### B. Merits

Petitioner argues that under the law in effect at the time he committed his first offense, the Texas legislature had reduced sentences of more than sixty years to a maximum of sixty years. He bases this argument on the language of a parole statute in effect at the time he was convicted:

> If a prisoner is serving a sentence for the offenses listed in Section 3f(a)(1) of this Article or if the judgment contains an affirmative finding under Section 3f(a)(2) of this Article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-third of the maximum sentence or 20 calendar years, whichever is less . . . .

*Ex Parte Brooks*, 722 S.W.2d 140, 141 (Tex. Crim. App. 1986) (quoting V.A.C.C.P. Art. 42.12, Sec. 15(b)). However, the statute did not reduce all of Petitioner's sentences to sixty years. Rather, it required that inmates serving sentences for particular crimes did

not become eligible for parole until they served the lesser of one-third of their maximum sentence or twenty calendar years.

According to the Commitment Inquiry, Petitioner became eligible for parole on the original burglary of a habitation charge on April 10, 2007.[3]  (Ex. B to Mot. for Sum. Jmt., D.E. 11-2 at pp. 2-4).  But even when Petitioner is granted parole on the original charge, he will still face sentences of life and ninety-nine years, as well as an additional cumulative sentence of twenty-five years and will not be entitled to release.

Moreover, it is well settled in Texas that an inmate does not have a constitutional right to be released on parole. "'Parole is not a right, but rather only an expectation that may be granted by the Commission.'"  *Wallace v. Quarterman*, 516 F.3d 351, 355 (quoting *Simpson v. Ortiz*, 995 F.2d 606, 610 (5th Cir. 1993)).  States have no duty to establish a parole system and a prisoner has no constitutional right to be released before the expiration of his sentence. *Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).  The Fifth Circuit has held that there is no constitutional expectation of parole in Texas.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Because Petitioner has no constitutional right to release on parole, he has failed to state a claim for habeas corpus relief.  *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (federal district court reviews habeas petition to determine whether petitioner is in custody in violation of the Constitution, law or treaties of the United States). Accordingly, it is recommended that his request for habeas relief be denied.

---

[3] It is unclear from the records how the parole date was calculated, but it is approximately twenty years after October 6, 1997, the date Petitioner's first parole was revoked.

### C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his cause of action be denied on the merits. Reasonable jurists would not find it debatable that Petitioner failed to state a claim. Therefore it is further recommended that any request for a COA be denied because he has not made the necessary showing for issuance of a COA.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 11) be GRANTED. Petitioner's request for habeas relief should be DENIED because he has failed to state a claim for relief. If Petitioner seeks a Certificate of Appealability, it is further recommended that the request be DENIED.

Respectfully submitted this 2nd day of January, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).